# In the United States Court of Federal Claims
## OFFICE OF SPECIAL MASTERS
### No. 25-699V

|  |  |
|---|---|
| SHARON MATZEK,<br><br>                    Petitioner,<br>v.<br><br>SECRETARY OF HEALTH AND<br>HUMAN SERVICES,<br><br>                    Respondent. | Chief Special Master Corcoran<br><br>Filed: February 27, 2026 |

*Elizabeth Kyla Abramson, Maglio Christopher & Toale, PA, Washington, DC, for Petitioner.*

*Nathaniel Trager, U.S. Department of Justice, Washington, DC, for Respondent.*

## DECISION AWARDING DAMAGES[1]

On April 24, 2025, Sharon Matzek filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*[2] (the "Vaccine Act"). Petitioner alleged that she suffered Guillain-Barré Syndrome ("GBS"), a defined Table injury, or in the alternative caused-in-fact injury, after receiving an influenza ("flu") vaccine on October 6, 2023. Petition at 1, ¶¶ 2, 32. The case was assigned to the Special Processing Unit of the Office of Special Masters.

On October 23, 2025, a ruling on entitlement was issued, finding Petitioner entitled to compensation for GBS. On February 25, 2026, Respondent filed a proffer on award of compensation ("Proffer") indicating Petitioner should be awarded $122,500.00 in pain and suffering and $3,426.19 in past unreimbursable expenses. Proffer at 2. In the Proffer,

---

[1] Because this Decision contains a reasoned explanation for the action taken in this case, it must be made publicly accessible and will be posted on the United States Court of Federal Claims' website, and/or at  https://www.govinfo.gov/app/collection/uscourts/national/cofc, in accordance with the E-Government Act of 2002. 44 U.S.C. § 3501 note (2018) (Federal Management and Promotion of Electronic Government Services). **This means the Decision will be available to anyone with access to the internet.** In accordance with Vaccine Rule 18(b), Petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all section references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2018).

Respondent represented that Petitioner agrees with the proffered award. *Id.* Based on the record as a whole, I find that Petitioner is entitled to an award as stated in the Proffer.

Pursuant to the terms stated in the attached Proffer, **I award Petitioner a lump sum payment of $125,926.19 (representing $122,500.00 in pain and suffering and $3,426.19 in past unreimbursable expenses) to be paid through an ACH deposit to Petitioner's counsel's IOLTA account for prompt disbursement to Petitioner.** This amount represents compensation for all damages that would be available under Section 15(a).

The Clerk of Court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

<u>**s/Brian H. Corcoran**</u>
Brian H. Corcoran
Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by the parties' joint filing of notice renouncing the right to seek review.

**IN THE UNITED STATES COURT OF FEDERAL CLAIMS**
**OFFICE OF SPECIAL MASTERS**

SHARON MATZEK,

     Petitioner,

v.

SECRETARY OF HEALTH AND
HUMAN SERVICES,

     Respondent.

No. 25-699V
Chief Special Master Brian H. Corcoran
ECF

**PROFFER ON AWARD OF COMPENSATION[1]**

  On April 24, 2025, Sharon Matzek ("petitioner") filed a petition for compensation ("petition") under the National Childhood Vaccine Injury Act of 1986, 42 U.S.C. §§ 300aa-1 to -34, *as amended* ("Act").  Petitioner alleges that she sustained Guillain-Barré Syndrome ("GBS"), as defined in the Vaccine Injury Table, following receipt of an influenza ("flu") vaccine administered on October 6, 2023.[2]  *See* Petition at 1, 3-4.  On October 23, 2025, the Secretary of Health and Human Services ("respondent") filed his Vaccine Rule 4(c) report, concluding that this case is appropriate for compensation under the terms of the Act for a GBS Table injury.  *See* ECF No. 18.  On October 23, 2025, Chief Special Master Corcoran issued a

---

[1] This Proffer does not include attorneys' fees and costs, which the parties intend to address after the Damages Decision is issued.

[2] On October 6, 2023, petitioner also received COVID-19 and respiratory syncytial virus (RSV) vaccines.  Vaccines against COVID-19 and RSV are not contained in the Vaccine Injury Table. *See* 42 U.S.C. § 300aa-14 and 42 C.F.R. § 100.3(a).  Pursuant to the declaration issued by the Secretary of Health and Human Services under the Public Readiness and Emergency Preparedness Act (42 U.S.C. §§ 247d-6d, 247d-6e), claims for alleged injuries from COVID-19 countermeasures, including vaccines, may be compensable under the Countermeasures Injury Compensation Program ("CICP").  *See* 85 Fed. Reg. 15198, 15202 (March 17, 2020).

ruling on entitlement, finding petitioner entitled to compensation for a GBS Table injury.  *See*

ECF No. 19.

## I.     Items of Compensation

Based upon the evidence of record, respondent proffers that petitioner should be awarded

the following:

### A.     Pain and Suffering

Respondent proffers that petitioner should be awarded **$122,500.00** in pain and suffering.

*See* 42 U.S.C. § 300aa-15(a)(4).  Petitioner agrees.

### B.     Past Unreimbursable Expenses

Evidence supplied by petitioner documents that she incurred past unreimbursable

expenses related to her vaccine-related injury.  Respondent proffers that petitioner should be

awarded past unreimbursable expenses in the amount of **$3,426.19.**  *See* 42 U.S.C. § 300aa-

15(a)(1)(B).  Petitioner agrees.

These amounts represent all elements of compensation to which petitioner is entitled

under 42 U.S.C. § 300aa-15(a).  Petitioner agrees.

## II.     Form of the Award

The parties recommend that compensation provided to petitioner should be made through

a lump sum payment, as described below, and request that the Chief Special Master's decision

and the Court's judgment award the following:[3,4]

---

[3] Should petitioner die prior to entry of judgment, respondent would oppose any award for future medical expenses, future lost earnings, and future pain and suffering, and the parties reserve the right to move the Court for appropriate relief.

[4] The entry of judgment awarding the compensation described herein in a Decision of the Special Master, resolves any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that

A lump sum payment of **$125,926.19** to be paid through an ACH deposit to petitioner's counsel's IOLTA account for prompt disbursement to petitioner, Sharon Matzek.

Petitioner is a competent adult.  Proof of guardianship is not required in this case.

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General

JONATHAN D. GUYNN
Acting Director
Torts Branch, Civil Division

HEATHER L. PEARLMAN
Deputy Director
Torts Branch, Civil Division

GABRIELLE M. FIELDING
Assistant Director
Torts Branch, Civil Division

s/ NATHANIEL M. TRAGER
NATHANIEL M. TRAGER
Trial Attorney
Torts Branch, Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, D.C.  20044-0146
Tel: (202) 305-3912
nathaniel.trager@usdoj.gov

Dated:  February 25, 2026

---

have been brought, could have been brought, or hereafter could be timely brought against the United States and the Secretary of Health and Human Services in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., (a) on account of, or in any way growing out of any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner that resulted from, or that may be alleged to have resulted from, the vaccinations identified herein, and (b) that petitioner has had, now has, or hereafter may have with respect to the injury that gave rise to the petition for vaccine compensation filed in the United States Court of Federal Claims as petition No. 25-699V.

3